(Reap. Dec. 10811)

FRANK P. DOW CO., INC., OF L.A. *v.* UNITED STATES

Entry No. 5723, etc.

(Decided August 25, 1964)

*Tompkins & Tompkins* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule A, annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the automobiles specified on the invoices accompanying the entries covered by the reappraisement appeals listed in the attached Schedule A, which Schedule A is made a part of this stipulation, that were appraised at a value of $1240.00 each, net (Canadian dollars), consist of automobiles manufactured in England, and imported into the United States from Canada, prior to February 27, 1958.

That there was no "foreign value", or "export value", or "United States value", as defined in Sections 402 (c), (d), and (e) of the Tariff Act of 1930, as amended, for the automobiles under appeal at the time of exportation thereof.

That in determining the "cost of production" value as defined in Section 402(f) of said Act, the Appraiser included in his above value $1240 each, net, a cost of $95.00 (Canadian dollars) representing a Canadian excise tax, as well as a cost of $230.00 (Canadian dollars) representing a Canadian sales tax. That said Canadian excise tax ($95) and sales tax ($230) were paid to the Canadian government prior to exportation to the United States, but they were refunded after exportation, under the same circumstances and conditions involved in the case of *John V. Carr & Son, Inc.* v. *United States*, Reap. Dec. 10442, and that the record in said *John V. Carr & Son, Inc.* case may be incorporated as a part of the record in this case.

Plaintiff limits its appeals to the claim that said excise tax of $95.00, and the said sales tax of $230.00 should not be included as a part of the cost of production dutiable value.

The appeals set forth in the attached Schedule A are submitted for decision upon this stipulation.

Upon the agreed facts and the record in the cited case, which is incorporated herein, I find cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the automobiles covered by these appeals for reappraisement and that such value is the appraised value of $1,240 each, net (Canadian dollars), less $95 (Canadian) representing a Canadian excise tax, less $230 (Canadian) representing a Canadian sales tax.

Judgment will be entered accordingly.